**FROM: The District Court of the 20th Judicial District. County of Sanders.**

STATE OF MONTANA,

|                    |                |
|--------------------|----------------|
| Plaintiff,         | NO. DC 96-30   |
| VS.                | DECISION       |

Brian D. Holman,

Defendant.

On January 14, 1997, it was adjudged and decreed that the defendant Brian Douglas Holman is guilty of the offenses charged in the Information, Count I - Aggravated Burglary, a felony, in violation of Section 45-6-204(2)(a), MCA; Count II - Criminal Mischief, a misdemeanor, in violation of Section 45-6-101(1)(a), MCA; Count III - Theft, a misdemeanor, in violation of Section 45-6-301(1)(a), MCA; Count IV - Carrying Concealed Weapon, a misdemeanor, in violation of Section 45-8-316, MCA; Count V - Burglary, a felony, in violation of Section 45-6-204 MCA; and Count VI - Possession of Burglary Tools, a misdemeanor in violation of Section 45-6-205 MCA. It is the judgment of the Court that the defendant Brian Douglas Holman with respect to the offense of Aggravated Burglary, a felony as charged in Count I of the Information, is hereby sentenced to a term of twenty (20) years in the Montana State Prison, with ten (10) years suspended on the terms and conditions of probation as stated in the January 14, 1997 judgment. It is the judgment of the court with respect to Count V - Burglary, a felony, that the defendant Brian Douglas Holman is hereby sentenced to a term of twenty (20) years in the Montana Sate Prison, with ten (10) years suspended on the terms and conditions as stated in the January 14, 1997 judgment. It is the judgment of the Court with respect to Count II - Criminal Mischief, a misdemeanor, Count III - Theft, a misdemeanor, Count IV - Carrying Concealed Weapons, a misde-meanor and Count VI - Possession of Burglary Tools, a misdemeanor, that the defendant Brian Douglas Holman is hereby sentenced to a term of six (6) months in the Sanders county Jail for each such misdemeanor count. The sentences for all six (6) counts shall run concurrently with each other. The suspended portion of the defendant's sentences for the offenses of Count I - Aggravated Burglary, a felony and Count V - Burglary, a felony are suspended on terms and conditions as stated in the January 14, 1997 judgment. It is further ordered pursuant to Section 46-18-221 MCA, that the defendant is sentenced to serve an additional sentence of ten (10) years in the Montana State Prison, with five (5) years of which are suspended, for the use of a dangerous weapon, namely a firearm, in the commission of the Cause offense. This additional sentence shall fun consecutively to the sentences imposed for Counts I, II, III, IV, V and VI, as required by Section 46-18-221 MCA. The suspended portion of this addi-tional sentence is suspended on the same terms and conditions as stated in the January 14, 1997 judgment. The defendant shall receive credit for eighty-one (81) days time already served in the Sanders County Jail as of the date of this judgment.

On May 8, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 8th day of May, 1997.

DATED this 13th day of June, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal and Alternate Member, Hon. Robert Boyd.**

The Sentence Review Board wishes to thank Brian Douglas Holman for representing himself in this matter.